

FILED
2012 Apr-02  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **FRANCES MCINTYRE THOMPSON, an individual,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) |
| **RESURGENT CAPITAL SERVICES, L.P., a corporation; PYOD, LLC, a corporation;** | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for her Complaint against the Defendants:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Congress found it necessary to pass the FDCPA due to rampant abusive Practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3. Plaintiff Frances McIntyre Thompson (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama in this judicial district.

4. Defendant Resurgent Capital Services L.P., ("Defendant" or "Resurgent[1]") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district). It is a debt collector

---

[1] "Resurgent Capital L.P." or "PYOD LLC" means any of the named Defendants directly or through its debt collectors, employees and agents that took any collection action against Plaintiffs.

under the FDCPA. It is incorporated in Delaware and has its principal place of business in South Carolina.

5. Defendant PYOD LLC, ("Defendant" or "PYOD") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district). It is a debt collector under the FDCPA. It is incorporated in Delaware and has its principal place of business in Las Vegas.

6. In the present case, Defendants Resurgent Capital L.P. and PYOD LLC operated as agents for each other and all actions taken by one entity were taken on behalf of the other entity.

7. Defendants are all part of a related set of companies.

8. Defendants are responsible for the acts of each other.

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Plaintiff does not owe any money to Defendants.

11. Plaintiff started receiving calls and letters from the Defendants or from collection agencies for the Defendants.

12. This is an alleged debt which went into default in 1998 or 1999.

13. Resurgent, on its own behalf and on behalf of PYOD, and with full approval of all of the actions of Resurgent by PYOD, is targeting consumers (including older consumers), inside and outside of Alabama, in an attempt to illegally force them into paying debts that are either not owed or are well beyond the statute of limitations.

14. On or about March 19, 2012, Defendants (through an agent or employee of Defendant Resurgent) called Plaintiff about this alleged debt.

15. Plaintiff told Defendants that the debt was from 1998 or 1999 when it was charged off then.

16. Defendants admitted that the statute of limitations ran in 2004.

17. Defendants, however, claimed that Plaintiff still had to pay the debt even though the statute of limitations had expired eight (8) years ago.

18. Plaintiff told Defendants that she had been contacted by a number of companies over the years about this debt and that she had written letters before about this debt.

19. Defendants were not concerned about her letters and said that Plaintiff needed to pay this debt.

20. Defendants threatened to put this debt on Plaintiff's credit reports if she did not pay the debt.

21. Plaintiff told Defendants not to call her anymore.

22. Defendants know they cannot credit report debt that is more than 7 years past default.

23. The last possible date to credit report this account occurred in either 2005 or 2006.

24. Defendants know it is a lie and a threat to take illegal action (or action that they never intended to take) when they threatened to put this stale debt on Plaintiff's credit report in 2012.

25. It is six (6) or seven (7) years past the time that is allowed under Federal Law (Fair Credit Reporting Act) to credit report this debt.

26. The purpose of the Defendants lying and threatening Plaintiff about the credit reporting was to harass, annoy, abuse, or oppress Plaintiff, so that the Plaintiff pays the debt.

27. Defendants have been successful as its actions have annoyed, harassed, abused, and/or oppressed Plaintiff.

28. Much to the regret of Defendants, Plaintiff refused to pay the debt even when lied to and threatened by Defendants.

29. Defendants would have escalated the collection efforts against Plaintiff, including suing Plaintiff, but for this lawsuit which will stop all collection actions by Defendants.

30. Defendants know the power and the intimidating impact that results from threatening to illegally damage a consumer's credit report.

31. This is a favorite tactic of abusive debt collectors.

32. The reason is that this tactic is so effective.

33. When consumers pay old debts because of the lies and intimidation of Defendants, the response of Defendants is that the consumers should have paid anyway and sometimes consumers need to be pushed or forced to pay the debts.

34. Defendants feel no remorse for what they did to Plaintiff and what they do to numerous other consumers in Alabama and in other parts of the country.

35. Even though Defendants know all of the above, they are perfectly willing to continue to act illegally for several reasons.

36. First, Defendants believe that most Alabama consumers will not know that it is illegal for Defendants to threaten to credit report on debts that are too old to credit report.

37. Second, Defendants believe that the very few Alabama consumers, who realize this is illegal for Defendants to act in this way, will be able to find representation or will otherwise take action.

38. Defendants believe that these very few Alabama consumers who do take action will either drop the matter or will file a pro se case where counsel for Defendants will be able to defeat the claims of the pro se consumer plaintiff.

39. Third, even if the Alabama consumer is able to find representation, Defendants are confident that they will not have to pay any damages above the maximum statutory damages of $1,000.

40. Defendants believe that judges will not allow mental anguish to go to the jury.

41. Defendants believe no punitive damages will be assessed against them under state law.

42. Defendants believe that any suit against them under the FDCPA can be defeated by an offer of judgment of $1,501 or some other small number above $1,000.

43. Defendants believe that since they will very rarely be sued in Alabama, particularly given the large number of violations they commit in Alabama, and given that they believe (incorrectly) that they are not subject to mental anguish claims and punitive damages claims, Defendants are quite willing to continue to break the law in Alabama.

44. Defendants have determined that the costs of limited litigation (by settling cases cheaply or small offers of judgment) are vastly outweighed by the

profit in harassing and abusing Alabama consumers into paying money that would not have been paid if Defendants had not harassed and abused the Alabama consumers.

45. Unfortunately, Defendants are correct in their conclusion that it is more profitable to violate the law than to obey it.

46. This lawsuit is being brought to change that conclusion.

47. Defendants' actions not only harm Alabama consumers, but also put legitimate and law abiding debt collectors at a competitive disadvantage.

48. Congress recognized this problem over 30 years ago and that is part of the reason the FDCPA was passed.

49. Defendants have analyzed the situation and determined that they enjoy a competitive advantage due to their willingness to violate the law.

50. This lawsuit seeks to change that analysis and conclusion.

51. Defendant Resurgent states on its website that "We are committed to treating all consumers with respect, fairness, and honesty."[2]

---

[2] All references to the website of Resurgent are from pages accessed on March 31, 2012, and are saved as PDFs. If Resurgent or its counsel claim to not know if these statements (Resurgent's own statements) have been made, the PDFs are available by simply requesting them from Plaintiff's counsel so there is no need for the Answer of Resurgent to say that it can neither confirm nor deny the fact and therefore it is denied or any other similar boiler plate language that is in vogue right now in debt collector answers.

52. Referencing the various standards and regulations that apply to debt collection, Resurgent states on its website "Rather than being content merely to meet these standards, we strive to exceed them."

53. Resurgent goes on under a heading of "Our Culture" that "Resurgent prizes integrity and an engaged, energetic quest for excellence in its business dealings with our customers, business partners and fellow associates. We devote ourselves to building bridges for each of our constituencies so they can move ahead in the direction of their goals."

54. Explaining this, Resurgent states "We show our customers how to build bridges to a brighter financial future."

55. Finally, under a heading of "Our Culture" which is under "Career Opportunities" is the following quote "We conduct ourselves with integrity and honor in all things."

56. The actions of Defendants, including Defendant Resurgent, do not display a commitment to honesty and integrity when Defendant Resurgent lies about credit reporting on a charged off debt from the late 1990s.

57. Defendants have not apologized to Plaintiff.

58. Defendants have no intention of apologizing to Plaintiff.

59. Defendants have refused to give all required disclosures under the FDCPA when communicating with Plaintiff.

60. Defendants are debt collectors under 15 U.S.C. § 1692a(6).

## SUMMARY

61. All of the above-described collection communications made to Plaintiff by Defendants and collection agents of Defendants were made in violation of the FDCPA.

62. Defendants violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, and 1692f(1).

63. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

64. The above detailed conduct by Defendants reflect their knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that Defendants willfully, maliciously, recklessly, and/or negligently undertook their actions and it was successful in causing the harm to the Plaintiff that Defendants wanted to cause.

65. The collection activities by Defendants and their agents caused Plaintiff stress and anguish.

66. Defendants' repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

67. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendants.

68. The only way that abusive debt collectors like Defendants will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a punitive damage award.

69. A punitive damage award will get the attention of Defendants and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers and to gain an unfair competitive advantage over honorable, law abiding collectors.

70. A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt

collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

## **RESPONDEAT SUPERIOR LIABILITY**

71. The acts and omissions of Defendants' agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal Defendants.

72. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

73. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendants.

74. Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

75. Defendants negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION DEFENDANTSCTICES ACT
### 15 U.S.C. § 1692 et seq.

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, and 1692f(1).

78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs, from Defendants.

### COUNT II.

### INVASION OF PRIVACY

79. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

80. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

81. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

82. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

83. Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

84. Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

85. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

86. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

87. The conduct of Defendants went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

88. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

89. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

90. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

91. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

92. Had Defendants hired competent debt collectors, the violations described in this Complaint would not have occurred.

93. Had Defendants properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

94. Defendants carried out their hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

95. Defendants knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Defendants.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

96. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

97. Defendants owe a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

98. Defendants have assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

99. Defendants owe a duty to consumers against whom it is collecting to act reasonably.

100. All of the actions described in this Complaint demonstrate that Defendants did not act reasonably towards the Plaintiff.

101. Defendants, by their described conduct, breached their duty to act reasonably towards Plaintiff.

102. Defendants proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendants anticipated causing when they breached their duty to act reasonably.

103. Defendants knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

104. Defendants acted with full knowledge and with the design and intent to cause harm to Plaintiff.

105. Defendants were successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendants when dealing with consumers who do not pay debts that Defendants allege are owed.

106. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

107. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

108. It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

109. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

110. Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

111. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

112. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Resurgent Capital Services L.P.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

PYOD, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104