# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FRANCES MCINTYRE THOMPSON, an individual,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) )   Civil Act. No.:  12-CV-01018-JEO |
| **RESURGENT CAPITAL SERVICES, L.P., a corporation; PYOD, LLC, a corporation;** | ) ) ) ) ) |
| **Defendants.** | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

1.  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting by telephone on September 18, 2012. The participating counsel were as follows:

> Stan Herring for Plaintiff.
>
> Neal Moore for Defendant Resurgent Capital Services, L.P. and
>
> PYOD, LLC.

**(a)  Plaintiff's brief narrative statement of the facts and the causes of action:**

Plaintiff makes claims against the Defendants related to their efforts to collect an alleged debt owed by the Plaintiff from 1998 or 1999 that they are not legally entitled to collect. As a result of Defendants' conduct, Plaintiff makes

claims for violations of Fair Debt Collection Practices Act (FDCPA), and seeks statutory and actual damages for the Defendant's alleged violations pursuant to 15 U.S.C. §1692, et seq. and state law claims of Invasion of Privacy, Negligent, Wanton, and/or Intentional Hiring, Retention and Supervision, Negligence, Wantonness, and Intentional and Malicious conduct in relation to the collection activities undertaken by the Defendant relative to Plaintiff's consumer information and an alleged debt owed by the plaintiff.

    **(b)**    **Defendant Resurgent Capital Services, LP's brief narrative statement of the facts and defenses:**

Resurgent Capital Services, LP lawfully attempted to collect the balance on the subject account.

    **(c)**    **Defendant PYOD, LLC's brief narrative statement of the facts and defenses:**

PYOD, LLC lawfully attempted to collect the balance on the subject account.

    2.    **Pre-Discovery Disclosures.**  The parties will exchange by **October 2, 2012** the information required by Federal Rule of Civil Procedure 26(a).[1]

---

[1] All documents exchanged in this case will be done so in the .pdf format when practicable.

3.     **Discovery Plan.**  The parties jointly propose to the Court the following discovery plan[2]:

    (a)    Discovery will be needed on the following issues.

        (1)    Plaintiff's claims and alleged damages

        (2)    Defendant's defenses

        (3)    Discovery Anticipated by Plaintiff:

Plaintiff will need discovery including but not limited to the following subjects: all facts alleged in the complaint and defenses raised, including but not limited to Defendant's collection activities, Defendants' policies and procedures regarding the FDCPA, past claims and lawsuits, Defendants' investigation of plaintiff's claims and defendants' collection efforts and attempted collection efforts against the plaintiff.

        (4)    Discovery Anticipated by Defendant:

Facts and circumstances of each and every allegation in Plaintiff's Complaint;

    (b)    All discovery shall be commenced in time to be completed by – **April 29, 2013**.

    (c)    A maximum of twenty-five (25) interrogatories by each party to any other party. (Responses due 30 days after service).

    (d)    A maximum of fifty (50) requests for production by each party to any other party. (Responses due 30 days after service).

    (e)    A maximum of fifty (50) requests for admission by each party to any other party. (Responses due 30 days after service).

---

[2] The parties agree, to the extent possible, that service of discovery can be perfected by email and which does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

- (f) A maximum of seven (7) depositions of each Defendant by the Plaintiff and seven (7) by each of the Defendants (not to include expert witness depositions), excluding depositions upon written questions.

- (g) Reports from retained experts under Rule 26(a) (2) shall be due:

    - (1) From the Plaintiff by **January 1, 2013**;
    - (2) From the Defendant by **January 30, 2013**;

- (h) Supplementations under Rule 26(e) shall be due on **March 1, 2013**.

- (i) Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

    - (1) The production of ESI should be done in .pdf format when practicable.
    - (2) If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.
    - (3) All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

4. **Other Items.**

    - (a) The parties do not request a conference with the court before entry of the scheduling order.
    - (b) The parties request a pre-trial conference on or about March 2013.

(c) Plaintiff should be allowed until **November 19, 2012** to join additional parties and amend the pleadings.

(d) Defendants should be allowed until **December 2, 2012** to join additional parties and amend the pleadings.

(e) All potentially dispositive motions should be filed by **May 27, 2013**.

(f) Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If any of the parties believe the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

(g) Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial. The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(h) The case should be ready for trial by **July 2013** and should take approximately three (3) to four (4) days to try.

(i) The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Dated this 18th day of September, 2012.


/s/M. Stan Herring                          /s/Neal D. Moore
M. Stan Herring                             Neal D. Moore, Esq.
John G. Watts                               Ferguson, Frost & Dodson, LLP
Watts & Herring LLC                         2500 Acton Road, Suite 200
301 19th Street North                       Birmingham, AL 35243
Birmingham, Alabama 35203
stan@wattsherring.com                       *Attorney for Defendants*
john@wattsherring.com

*Attorneys for Plaintiff*