FILED

2013 Feb-01  PM 01:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANCES MCINTYRE THOMPSON, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Act. No.:  12-CV-01018-JEO** |
| | ) | |
| **RESURGENT CAPITAL SERVICES, L.P., a corporation; PYOD, LLC,  a corporation;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR PRODUCTION OF DOCUMENTS AND AUDIO RECORDINGS

COMES NOW, the Plaintiff, Francis McIntyre Thompson, by and through the undersigned counsel, and hereby moves this Honorable Court for an Order pursuant to Fed.R.Civ.P. 37(a) to Compel Defendants, Resurgent Capital Services, L.P. and PYOD, LLC to provide answers to Interrogatories, Request for Production of Documents, and Requests for Admission and Request for Statements, the responses to which are long overdue.  In support of said motion, Plaintiff avers as follows:

1.     On March 31, 2012, Plaintiff filed a Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

2.     The parties conducted the Parties' Planning Meeting on September 18, 2012 and filed the report that same day.

3.      On October 5, 2012, this court conducted the scheduling conference in this matter and entered the scheduling Order that same day.

4.      In its Scheduling Order the court set the discovery deadline in the case for April 29, 2013.

5.      On October 9, 2012 Plaintiff served discovery requests on Defendants. *(See Exhibit A.)*

6.      These requests included Interrogatories, Requests for Admission, Requests for Production of Documents and Request for Production of Statements. (*See Exhibit B.*)

7.      Defendant's counsel and the undersigned discussed a potential resolution of this case by phone in late October and Defendants' counsel indicated that his client possessed a recording of one or more of the calls with the Plaintiff, but would not produce them prior to Plaintiff's deposition.

8.      In a subsequent email on November 3, 2012 regarding this and other cases with these defendants or a related entity, LVNV, Plaintiff's counsel again requested the recording be made part of defendant's upcoming discovery responses. (*See Exhibit C.*)

9.      As a follow up, Plaintiff's counsel informed Defense counsel by email that Plaintiff's counsel was  available to discuss discovery and other issues related to this case if need be. (*See Exhibit D.*)

10.    Defense counsel never responded regarding the discovery and has refused to produce the audio recording(s).

11.    As of December 6, 2012, Defendant's discovery responses were 28 days past due.

12.    On December 6, 2012 Plaintiffs' counsel wrote defense counsel noting that Defendants had not responded to the discovery and requested the Defendants to provide responses to discovery within fifteen (15) days.  (*See Exhibit E.*)

13.    To date, Defendants have failed to respond to discovery, have not requested an extension of time to respond and have ignored or refused to respond to Plaintiff's requests for responses.

14.    On January 31, 2013 defense counsel again refused to produce the recording without court order and stated that there was no further need for discussion on the issue of whether defendants would produce the recording in the normal course of discovery prior to Plaintiff's deposition. (*See Exhibit F.*)

15.    Defendant's responses are now 84 days past due.

16.    Plaintiff has complied with Rule 37 in attempting to resolve this matter without court intervention through communications both in writing and by phone.

17.    Defendants had thirty(30) days to respond to Plaintiff's Discovery.  *Fed. R. Civ. P. 33(b), 34(b) and 36(a).* By failing to timely respond to Plaintiff's discovery, Defendants have waived their objections. "A party which fails to object to

a discovery request waives any objections it otherwise might have made." *Boutvis v. Risk Management Alternatives, Inc.,* 2002 WL 971666 * 1 (D. Conn May 3, 2002) *citing Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992); *Smith v. United States,* 193 F.R.D. 201, 207 n. 19 (D.Del.2000). A party waives its objection by failing to respond even where that party may have had a valid objection to make. *See Jaffe v. Grant,* 793 F. 2d 1182, 1190 n.6 (11th Cir. 1986)(Fifth Amendment objection to discovery request deemed waived because it was not timely made). Courts have also applied this waiver to objections to production on the ground of attorney work product. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F. 2d 540, 542 (10th Cir. 1984).

18.    Plaintiff needs these documents and information from the Defendants immediately in order to properly and fairly litigate this case.

19.    Plaintiff intends to issue subpoenas duces tecum to the long distance carriers, as well as to depose individuals with knowledge of defendants policies and procedures, collection activities against the Plaintiff, the calls to Plaintiff in the this matter, and the collection computer systems, and needs these responses and documents in order to do so, amongst other bona fide reasons.

20.    These requested materials and information are discoverable and also highly relevant to the claims and defenses in this case.

21.    The Defendants' failure to provide these materials, even though originally requested through discovery more than 80 days ago, has been and continues to be highly prejudicial.

22.    Under the current scheduling order, discovery ends April 29, 2012.

23.    The intervention and authority of this Court is necessary at this time to compel Defendants to produce these discovery items to allow the Plaintiff time to conduct the necessary discovery to prosecute her case and prepare for trial.

24.    Pursuant to Fed.R.Civ.P. 37(a), Plaintiff hereby respectfully moves the Court for an Order:

   a)    That Defendants have waived any and all objections to Plaintiff's Discovery requests for their failure and/or refusal to respond timely to discovery or without obtaining an extension;

   b)    Compelling Defendants to provide complete answers to Plaintiff's Discovery requests, without objection, within ten (10) days;

   c)    Compelling Defendants to produce any and all documents, records and recordings responsive to Plaintiff's discovery requests within ten (10) days;

Respectfully Submitted,

*/s/ M. Stan Herring*
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Neal D. Moore, Esq.
Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

/s/ *M. Stan Herring*
OF COUNSEL

# EXHIBIT

# "A"



**Stan Herring <stan@wattsherring.com>**

## Thompson v Resurgent Capital Services, L.P., et al.

**Melissia Pierce** <melissia@wattsherring.com>          Tue, Oct 9, 2012 at 3:51 PM
To: ndm <ndm@ffdlaw.com>
Cc: Stan Herring <stan@wattsherring.com>, John Watts <john@wattsherring.com>

Please find attached Plaintiff's Interrogatories, Requests for Admission, Requests for
Production of Documents, and Request for Production of Statements to Defendants in
the above-referenced matter.  If you have any questions, please do not hesitate to
contact us.

Thank you,
--
Melissia Pierce
Legal Assistant to John G. Watts & Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205-879-2447
melissia@wattsherring.com

---

📄 **Thompson - Discovery - Plaintiffs Discovery to Defendants 10-09-12.pdf**
993K

# EXHIBIT

# "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **FRANCES MCINTYRE THOMPSON,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**RESURGENT CAPITAL SERVICES, L.P.; PYOD, LLC,** )<br>)<br>)<br>**Defendants.** ) | **Civil Act. No.:  12-CV-01018-JEO** |

---

**PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANTS**

---

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

## INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's", "Defendants'" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

- 1 -

If you are in any way confused, unclear, uncertain, or troubled by any request, contact Plaintiff's counsel to resolve any issues.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters,

Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded

matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203.**

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer as long as Rule 33(d) is complied with fully.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a

substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES

**Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.  For each individual person, officer, employee, agent, or other entity answering or providing any information used you to answer any Interrogatory, state the following:

    a.   First, last, and middle legal name;

    b.   All DBA, fake, or alias name(s) used by this person;

    c.   Job title or capacity;

    d.   Business address and telephone number;

    e.   Home address and telephone number; and

    f.   Age.

2.  Identify all documents, witnesses, and facts that form the basis of each and every affirmative defense pled, including but not limited to your affirmative defense of "bona fide error" under the FDCPA.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiff's Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all manuals, videos, documents or other media summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees, agents, independent contractors, debt collectors, or debt collection law firms hired, engaged or retained by you to assist in the collection of debt in any and all of the following areas[1]:

    a.    Collection policies;

    b.    Collection procedures;

    c.    Collection methods;

    d.    Collection techniques;

    e.    Collection tactics;

    f.    Collection rules;

---

[1] The requested time period for this request and all others served herewith is three (3) years prior to the filing of the suit and up to the day the Defendant responds to the discovery as stated in the instructions on Page 6 unless otherwise specified.

g.    Collection regulations; and

h.    Compliance with local, state, or federal laws, codes, or regulations.

3.    Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting Plaintiff's debt, communicating with, working with, or monitoring the efforts and work of third parties in an effort to collect, monitor, transfer information and/or communicate with others in an effort to collect Plaintiff's alleged debt.

4.    Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as pertinent or related to debt collection activities.

5.    Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic

recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff.

6.     Please produce all documents involving communications between you and any other parties and/or non-parties, entities, individual(s), law firm(s) or collection counsel or any Consumer Reporting Agency, in which the communication in any way referenced Plaintiff, Plaintiff's alleged debt and/or any of Plaintiff's personal identifiers, accounts or financial information or collection efforts related to Plaintiff.

7.     Any and all documents, witnesses, and any evidence or proposed evidence that was sent to or provided to collection counsel or that collection counsel had or had access to in the underlying collection action at the following times[2]:

    a.     time of the trial;

    b.     day before the trial;

    c.     14 days before trial;

    d.     30 days before trial;

---

[2] In producing documents responsive to this request, designate which documents are responsive to each specific subparts a-f.

    e.     at the time the lawsuit was filed; and

    f.     any time prior to the lawsuit being filed.

8.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to any consumer reporting agency, from 2009 to the present.

9.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering, changing or correcting previously reported data to any consumer reporting agency or any other entity, from 2009 to the present.

10.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, from 2009 to the present.

11.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for your investigation into disputes by consumers regarding the accuracy or manner of reporting of a tradeline or account information, including disputes received directly from the consumer and disputes forwarded to you by a credit bureau or credit reporting agency, from 2009 to the present.

12. Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, from 2009 to the present.

13. Please produce your policy manuals, procedure manuals, or other documents or video, which are provided to your employees, collection counsel or independent contractors concerning retention, alteration, correction, investigation, dissemination or disposal of data provided to any consumer reporting agency or any other entity or placed in any report from 2009 to the present.

14. Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with Equifax, Experian, Trans Union, any other credit bureau, the original creditor, any entity that assigned or transferred the account to you for collection and any trial counsel retained by you to assist or represent you in any activity, including, but not limited to calls, letters, skip tracing, filing and litigating any legal action and efforts to collect on any judgment or garnishment related to collecting the alleged debt.

15. Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes,

including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls, and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or furnisher, from 2009 to the present.

16.   Please produce all documents which constitute consumer dispute verification (CDV's), Universal Data correction forms, correspondence with any consumer reporting agency, data deletion forms, or other documents which request an alteration and/or deletion of data by you or any other defendant, individual or entity to any credit bureau or credit reporting agency pertaining to Plaintiff or which contained any one of Plaintiff's personal identifiers.

17.   Produce the entire purchase agreement (however designated) which allegedly transferred ownership of the Plaintiff's alleged account to you.

18.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

19.   Any and all documents in the possession or control of the Defendant which you claim are in any way relevant to the subject matter of the instant lawsuit.

20.   Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiff, including but not limited to:

    a.    Records of all inbound or outbound telephone calls, to or from Plaintiff;

    b.    Records of all inbound or outbound United States mail, to or from Plaintiff.

    c.    Records of all other inbound or outbound communication of whatever kind, to or from Plaintiff.

21.   Any and all printouts, computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any of Plaintiff(s) name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

22.   Any and all documents that form the basis of, in part or in whole, or are evidence in any manner of or support in any way your affirmative defenses including, but not limited to, your defense of Bona Fide Error.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.    All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Federal Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.    The debt being collected is a consumer debt as defined by the FDCPA.

2.    You are a "debt collector" as defined by the FDCPA.

3.    Admit that you are a debt collector under the Fair Debt Collection Practices Act related to the debt you claim Plaintiff owed you.

4.    Admit that Plaintiff is a consumer under the Fair Debt Collection Practices Act.

5.    Admit that the debt you were attempting to collect from Plaintiff is a consumer debt.

6.    Admit that you attempted to collect a debt from Plaintiff.

7.    Admit that you did file suit against the Plaintiff.

8.   Admit that at the time you filed suit against the Plaintiff that you did not have the agreement or contract between the Plaintiff and the original creditor.

9.   Admit that at the time you filed suit against the Plaintiff you did not have the account statements evidencing the debt on which you sued.

10.  Admit that at the time you filed suit against the Plaintiff you did not have the intent to produce at trial the account statements evidencing the debt on which you sued.

11.  Admit that at the time you filed suit against the Plaintiff you did not have the intent to produce a witness at trial.

12.  Admit that you did not provide the trial counsel in the collection action against the Plaintiff the documents supporting your claims against the Plaintiff in the collection action.

13.  Admit that the purchase agreement where Plaintiff's account was allegedly bought by you states that there is no representation that the debt as described is owed by Plaintiff.

14.  Admit that you did not provide the trial counsel in the collection action with any witness supporting your claims against the plaintiff in the collection action.

15. Admit that you did not provide the trial counsel in the collection action with the purchase agreement that you claim gave you the right to collect against Plaintiff.

16. You agree a debt collector who violates the FDCPA should apologize to the consumer.

17. You agree debt collectors who violate the FDCPA put law abiding debt collectors at a competitive disadvantage.

18. You have no intention of changing the way you collect debts after learning what you did to the Plaintiff.

19. You refuse to apologize to the Plaintiff for your debt collection activities.

20. Nothing prior to this suit being filed prevented you from apologizing to the Plaintiff.

21. You have never apologized to the Plaintiff.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2012, I served the foregoing via electronic mail and/or by placing a copy in the U.S. mail, postage prepaid and properly addressed, to the following counsel of record:

Neal D. Moore, III, Esq.
Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

*Attorneys for Defendant*

_____
Of Counsel

# EXHIBIT

# "C"

Mail - lvnv/resurgent cases                                      https://mail.google.com/mail/u/0/?ui=2&...

                                   **Stan Herring <stan@wattsherring.com>**

## lvnv/resurgent cases

**John Watts** <john@wattsherring.com>              Sat, Nov 3, 2012 at 2:58 PM
To: "Neal D. Moore" <ndm@ffdlaw.com>
Cc: Stan Herring <stan@wattsherring.com>

I'm around this week some and then out until the week of Thanksgiving (and just in Tues/Wed of that week).

Any word from Bahner on settling/OOJ these cases (LVNV and Resurgent)?

On Thompson, if you have an offer, make it and it would help to send me the recording. I won't bore you with our long arguments but you know why we believe you have to produce it.

Let us know if you won't and if we have satisfied our meet and confer obligation with you -- you and I discussed it by phone this week but I'll be happy to meet in person or discuss by phone again.

I don't recall when your discovery is due to us in all of the LVNV/Resurgent cases but it must be soon so let's get these settled if we can now.

Thanks

John

John G. Watts
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203

voice - 205-879-2447
fax - 888-522-7167

johngwatts@gmail.com
john@wattslawgroup.com
john@wattsherring.com

http://www.alabamaconsumer.com/
http://www.alabamaconsumerlawblog.com/
http://www.alabamaconsumerprotection.com/

http://www.birminghaminjuryblog.com/
http://www.consumerpowernewsletter.com/

http://www.facebook.com/AlabamaConsumerProtectionAttorneys

CONFIDENTIALITY NOTICE: This transmission contains confidential information for the intended addressee. If you are not the intended addressee, any republication or retransmission of this information is prohibited. If this is addressed to a client of this firm, the contents are also attorney-client privileged. If this is a general posting to a listserv or other public forum, the information contained herein is not intended as general legal advice and no one is entitled to rely on the contents. If this is a response to a request for information, the contents are a general response not intended as legal advice.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Mail - lvnv/resurgent cases                                              https://mail.google.com/mail/u/0/?ui=2&...



**Stan Herring <stan@wattsherring.com>**

## lvnv/resurgent cases

**Neal D. Moore** <ndm@ffdlaw.com>                          Wed, Nov 7, 2012 at 1:51 PM
To: John Watts <john@wattsherring.com>
Cc: Stan Herring <stan@wattsherring.com>

Working on it.


Neal D. Moore, III


**FERGUSON, FROST & DODSON**

2500 Acton Road, Suite 200,  Birmingham, Alabama  35243

Ph: 205.879.8722 / Fx: 205.879.8831

www.FFDLAW.com

ndm@ffdlaw.com

Unless otherwise indicated or obvious from the nature of the above communication,
the information contained in the above communication is attorney-client privileged and
confidential information/work product. The communication is intended for the use of
the individual or entity named above. If the reader of this transmission is not the
intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is
privileged, please immediately notify us by return e-mail and destroy any copies,
electronic, paper or otherwise, which you may have of the above communication.


**From:** John Watts [mailto:john@wattsherring.com]
**Sent:** Saturday, November 03, 2012 2:59 PM
**To:** Neal D. Moore
**Cc:** Stan Herring
**Subject:** lvnv/resurgent cases

Mail - lvnv/resurgent cases

https://mail.google.com/mail/u/0/?ui=2&...

[Quoted text hidden]

# EXHIBIT

# "D"



**Stan Herring <stan@wattsherring.com>**

## lvnv/resurgent cases

**John Watts** <john@wattsherring.com>                         Thu, Nov 8, 2012 at 5:16 AM
To: "Neal D. Moore" <ndm@ffdlaw.com>
Cc: Stan Herring <stan@wattsherring.com>

OK thanks.

Let me know today or tomorrow or let's get together after Thanksgiving.

On discovery you can get with Stan.

Have a good one.

John

John G. Watts
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203

voice - 205-879-2447
fax - 888-522-7167

johngwatts@gmail.com
john@wattslawgroup.com
john@wattsherring.com

http://www.alabamaconsumer.com/
http://www.alabamaconsumerlawblog.com/
http://www.alabamaconsumerprotection.com/
http://www.birminghaminjuryblog.com/
http://www.consumerpowernewsletter.com/

http://www.facebook.com/AlabamaConsumerProtectionAttorneys

CONFIDENTIALITY NOTICE: This transmission contains confidential information for the intended addressee. If you are not the intended addressee, any republication or retransmission of this information is prohibited. If this is addressed to a client of this firm, the contents are also attorney-client privileged. If this is a general posting to a listserv or other public forum, the information contained herein is not intended as general legal advice and no one is entitled to rely on the contents. If this is a response to a request for information, the contents are a general

response not intended as legal advice.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

[Quoted text hidden]

# EXHIBIT

## "E"



**Stan Herring <stan@wattsherring.com>**

## Thompson v. LVNV

**Stan Herring** <stan@wattsherring.com>                    Thu, Dec 6, 2012 at 10:13 PM
To: "Sarah E. Orr" <seo@ffdlaw.com>
Cc: Neal Moore <ndm@ffdlaw.com>, John Watts <john@wattsherring.com>, Melissia
<melissia@wattsherring.com>

Sarah,

We served discovery on LVNV on October 9, 2012.  I don't believe we have received
responses and you have not requested an extension.  Please provide us responses and
documents in 15 days.

When you respond and produce documents, if you withhold any pursuant to any
privilege, please produce a privilege log.

Also, if your client requires a protective order please forward one you've used in the past
or we can provide you with one.

Let me know if you have any questions or wish to discuss this.

- Stan

--
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
voice - 205-714-4443
fax - 888-522-7167
msh@mstanherringlaw.com
stan@wattsherring.com
http://www.alabamaconsumer.com/
http://www.alabamaconsumerlawblog.com/
http://www.birminghaminjuryblog.com/

# EXHIBIT

# "F"



**Stan Herring <stan@wattsherring.com>**

## Thompson v Resurgent -- Tape and Settlement

**Neal D. Moore** <ndm@ffdlaw.com>                    Thu, Jan 31, 2013 at 8:37 AM
To: John Watts <john@wattsherring.com>
Cc: Stan Herring <stan@wattsherring.com>

I'll talk to Mike about a counter.  Hope to know something this week.

I'm not producing the tape before your client testifies unless the judge requires it.
Either she will tell the truth about the call or not.  If she does, the recording will have
no impeachment value for me, and you'll have it to do with as you see fit.  If she
testifies about the call in a way that is not consistent with the recording, then the
impeachment value is preserved and, again, will be provided after the depo.  I'll bring
a copy that you can walk out of the room with.  If she can't remember the call, which
is believable, then her allegations in the complaint are oddly specific.

I know you disagree with me.  That's ok.  I don't expect to convince you and don't
expect you to go along with my thinking on it.  If we cannot settle, the court can tell
us what to do.  Makes it easy for everybody.  There is no reason for us to keep
bandying this issue about.

Thanks for reaching out about settlement again.  I'll do my best to get a counter asap.

Neal D. Moore, III

**FERGUSON, FROST & DODSON**

2500 Acton Road, Suite 200,  Birmingham, Alabama  35243

Ph: 205.879.8722 / Fx: 205.879.8831

www.FFDLAW.com

ndm@ffdlaw.com

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in the above communication is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of the above communication.

**From:** John Watts [mailto:john@wattsherring.com]
**Sent:** Saturday, January 26, 2013 10:24 AM
**To:** Neal D. Moore
**Cc:** Stan Herring
**Subject:** Thompson v Resurgent -- Tape and Settlement

[Quoted text hidden]