# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FRANCES McINTYRE THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No.:  2:12-cv-01018-JEO |
| ) | |
| **RESURGENT CAPITAL SERVICES,** ) | |
| **L.P., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This case is before the court on Plaintiff's Motion to Compel Responses to Discovery and for Production of Documents and Audio Recordings (doc. 19), filed February 1, 2013, and Defendants' Motion for Protective Order (doc. 21), filed February 4, 2013.  Plaintiff's Motion to Compel seeks an order compelling the production of the Interrogatories, Requests for Production of Documents, Requests for Admission, and Request for Statements that were served on Defendants on October 9, 2012.  (Doc. 19 at 1).  Included in those requests, is a request for "any and all documents or recordings documenting ... Defendants' attempts to collect a dept from Plaintiff."  (Doc. 19 at 23).  Defendants admit they were late in answering the requested discovery and indicated that they would serve their responses, except to the requests related to any audio recordings, within ten days.  (Doc. 20 at 4-5).  With respect to the recording of a conversation between Plaintiff and a Resurgent collector, Defendants admit they are obligated to produce said audio recording, but filed a Motion for Protective Order asking the court to delay the production of that evidence until after Plaintiff's deposition. (Doc. 21 at 1).

The court held a telephone conference with the parties on March 14, 2013.  During the

conference, the parties indicated that, with the exception of the audio recording, Defendants had responded to the outstanding discovery requests. Accordingly, as to those documents, the motion to compel is **MOOT**. Further, because there is no dispute that the recording in question is due to be produced, Plaintiff's Motion to Compel production of the audio recording is **GRANTED**. However, Defendants' Motion for Protective Order seeks an order from the court delaying the production of the audio tape until after Plaintiff's deposition. (Doc. 21). It is this issue that the court considers in detail below.

A motion for protective order is governed by FEDERAL RULE OF CIVIL PROCEDURE 26, which provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "The burden of showing good cause for a protective order rests on the party seeking the requested relief." *Stamps v. Encore Receivable Management, Inc.*, 232 F.R.D. 419, 423 (N.D. Ga. 2005). "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). In applying this balancing test, it is the job of the court to weigh "the interests of the party seeking discovery against the interests of the party wanting to limit or restrict discovery." *Young v. BC Services, Inc.*, CIV.A. 10-00429-WS-B, 2011 WL 2443765 (S.D. Ala. June 17, 2011) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001)).

In short, the question here is whether Defendants' right to Plaintiff's unrefreshed recollection of the phone call outweighs Plaintiff's right to full discovery. *See Stamps*, 232

F.R.D. at 423.  In other words, whether the impeachment value of the audio recording outweighs its substantive value.  While the court acknowledges that the recording has some potential impeachment value, the recording's real value is substantive.  The audio recording is an unimpeachable memorialization of what actually occurred during the phone call in question.  In this case, the heart of the matter is not Plaintiff's memory of the telephone call, but rather what actually was said.  In other words, "[i]f the 'truth' is on the audiotape, then the value of allowing [Defendant] to impeach [Plaintiff] will be minimal."  *Id.*  Accordingly, the substantive nature of the evidence weighs in favor of finding that the tape is due to be immediately disclosed.

This is further supported by the fact that Defendants have not presented any evidence that Plaintiff in this case is likely to change her story after the recording is produced.  They simply make the conclusory statement that she might.  (Doc. 21 at 2)("Prior production [of the recording] will greatly impair the truth-finding function of the deposition.").  This is simply insufficient to shift the scales in favor of delaying production of the evidence.[1]  *Webb v. Windsor Republic Doors*, No. 1:09-cv-1026-egb, 2009 WL 3757714 at *1 (W.D. Tenn. June 25, 2009) ("The Court is not persuaded by Plaintiff's conclusory statement that by providing the tapes Mr. Land will tailor his testimony."); *Fausto v. Credigy Services Corp.*, 251 F.R.D. 436, 438-39 (N.D. Cal. 2008) ("such broad and conclusory allegations without specific examples or reasoning does not constitute good cause"); *Rofail v. United States*, 227 F.R.D. 53, 58 (E.D.N.Y. 2005) (holding that "conclusory allegations that [a party] may tailor his deposition testimony to the

---

[1] A contrary conclusion would lead to absurd results—it would allow any party to delay all document production until after all depositions were taken based solely on the simple assertion that someone might testify differently during a deposition after reviewing the produced materials.

materials simply does not establish good cause...").

Further the undersigned is guided by the principles of discovery that, "[o]pen discovery is the norm" and that "[g]amesmanship with information is discouraged and surprises are abhorred". *Rofail v. United States*, 227 F.R.D. at 58; *see generally U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("Modern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."). In cases like the one here, where there is no indication Plaintiff is likely to alter her testimony after hearing the recording, allowing Defendant to delay production of evidence would be promoting gamesmanship in the discovery process. This is especially true in light of the fact that defendants' representatives will have access to the tape prior to testifying. If this is so, why should Plaintiff be precluded from the same? *See Stamps*, 232 F.R.D. at 423.

The question raised by Defendants' Motion for Protective Order is one that, as far as the undersigned is aware, has not been addressed by the Eleventh Circuit. *See Young*, 2011 WL 2443765 at *2. Further, the District Courts in this Circuit have reached conflicting conclusions when addressing similar questions. *Compare Stamps*, 232 F.R.D. 360 (finding no good cause to delay production of a recording of a telephone call in a FDCPA action) *with Young*, 2011 WL 2443765 (finding good cause to delay production of audio tapes of a telephone call in a FDCPA action) *and Taylor v. The Guardian Life Insurance Company of America*, No. CV406-272, 2007 WL 1068133 (S.D. Ga. March 27, 2007) (finding good cause to delay the production of surveillance photos and videos until after the plaintiff's deposition in a dispute concerning whether the plaintiff was disabled). The court has carefully considered the arguments of the

parties and finds that for the reasons discussed above, Defendants have not shown good cause justifying the entry of a protective order. Accordingly, Defendants' Motion for Protective Order is **DENIED**. Defendants are **ORDERED** to produce a copy of the audio recording to Plaintiff within five (5) days of the date of this Order.

**DONE** this 14th day of March, 2013.

*/s/ John E. Ott*
**JOHN E. OTT**
Chief United States Magistrate Judge